```
                                                          FILED by  R B    D.C.
                                                          ELECTRONIC
                                                          Jan. 21, 2009
                                                          STEVEN M. LARIMORE
                                                          CLERK U.S. DIST. CT.
                                                          S.D. OF FLA. - MIAMI
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

MICHAEL O'ROURKE,                           **09-80076-Civ-HURLEY/HOPKINS**
on his own behalf and on behalf of all others
similarly situated,

    Plaintiff,
v.

FLORIDA STAGE, INC., a Florida Corporation;
and RICHARD CROWELL,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, MICHAEL O'ROURKE, was an employee of Defendants, FLORIDA STAGE, INC., a Florida Corporation ("FLORIDA STAGE"), and RICHARD CROWELL ("CROWELL") (hereinafter referred to collectively as "Defendants") and he brings this action on his own behalf and on behalf of all others similarly situated, by and through undersigned counsel for minimum wages, overtime compensation, and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. Section 216(b).

2. Plaintiff performed work as an employee for Defendants in Palm Beach County, Florida in 2007 and 2008.

3. Defendants own and operate a production company that conducted business in Palm Beach County, Florida within the jurisdiction of this Court.

4. At all times material hereto, CROWELL was and is both individual resident of the State of Florida who as the "production manager" operates Defendant FLORIDA STAGE, and who regularly exercises the authority to hire and fire employees, determine work schedules of

employees, set the rates of pay for employees, and control the productions, finances, and operations of FLORIDA STAGE. By virtue of such control and authority, CROWELL was and is an employer of Plaintiff(s) as such term is defined by the FLSA. 29 U.S.C. §201 et seq.

5. This action is brought to recover from Defendants unpaid overtime wages, and/or improperly or inaccurately calculated overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) (the Act).

6. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant FLORIDA STAGE was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act. 29 U.S.C. §203(r) and 203(s). Based upon information and belief, the annual gross sales volume of each of those companies is in excess of $500,000.00 per annum. Additionally, Plaintiff(s) was/were individually engaged in interstate commerce at all times material hereto.

7. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. §201-209, in that Plaintiff(s) and similarly situated employees and former employees performed services for Defendants for which no provisions were made by Defendants to properly pay them for all hours worked in excess of Forty (40) within a work week.

8. For one or more pay periods preceding this Complaint, Plaintiff and similarly situated employees and former employees worked for Defendants, and Defendants' payroll practices were illegal and/or improper. In addition, Defendants have failed and/or refused to properly compensate them proper overtime compensation pursuant to the FLSA, even after becoming aware of such improprieties.

9. Plaintiff and similarly situated employees and former employees regularly worked for Defendants and in excess of Forty (40) hours in one or more work weeks during their employment with Defendants. Defendants regularly excluded time worked each work day and each work week from any compensation, from any calculations of hours worked by Plaintiff and similarly situated employees, which resulted in inaccurate calculations of hours worked and inaccurately paid overtime work.

10. Plaintiff and similarly situated employees and former employees are entitled to the benefits and protections afforded by the FLSA. Defendants did not properly pay minimum wage and/or time and a half wages for all of the overtime hours worked by Plaintiff and similarly situated employees and former employees.

11. The records, if any, concerning the number of hours actually worked by Plaintiff and similarly situated employees and former employees and the compensation actually paid to such employees are in the possession and custody of Defendants.

## COUNT I

## RECOVERY OF MINIMUM WAGE AND OVERTIME COMPENSATION

12. Plaintiff(s) readopt and reallege the allegations contained in Paragraphs 1 through 11 above.

13. Plaintiff(s) are entitled to be paid time and one-half of the regular rate of pay for each hour worked in excess of Forty (40) hours per work week. Defendants' actions and/or inactions have deprived Plaintiff(s) of their property and legal rights.

14. By reason of the said intentional, knowing, oppressive, willful and unlawful acts of Defendants, Plaintiff(s) have suffered damages plus they now incurred costs and reasonable attorneys' fees.

15. As a result of Defendants' willful and intentional violations of the FLSA, and/or conscious disregard for Plaintiff(s) rights and Defendants' obligations under the FLSA, Plaintiff(s) are entitled to liquidated damages.

16. Plaintiff has retained the undersigned counsel to represent him in this action and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

17. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, MICHAEL O'ROURKE, demands a judgment against Defendants jointly and severally, declaring, pursuant to 29 U.S.C. Sections 2201 and 2202, that the acts and practices complained of herein are in violation of the FLSA; awarding payment of all overtime hours at one and one-half the regular rate of pay due to him for the hours worked by him for which he has not been properly compensated, liquidated damages and reasonable attorneys' fees and costs of suit, and such further relief that this Court deems just and appropriate.

## COUNT II

**OVERTIME COMPENSATION, 29 U.S.C. SECTION 216(b) – COLLECTIVE ACTION**

18. Plaintiff and similarly situated employees and former employees readopt and reallege the allegations contained in Paragraphs 1 through 11, and 12 through 17, above.

19. Plaintiff brings this count on behalf of himself and numerous other similarly situated employees and former employees of Defendants during the relevant time period that like Plaintiff, are due overtime compensation for unpaid overtime and other relief pursuant to the FLSA.

20. The additional persons who may become Plaintiffs in the action were also not

paid minimum wage or were inaccurately, improperly or not paid proper wages and overtime wages pursuant to the FLSA. These additional persons as well as Plaintiff regularly worked in excess of Forty (40) hours per work week, but the calculations of the total hours worked including the total overtime hours worked is improper, inaccurate, and the additional persons as well as Plaintiff have not (and are not) paid in accordance with the provisions of the FLSA.

21. Plaintiff brings this action on his own behalf and on behalf of other current and former employees similarly situated for overtime compensation and other relief pursuant to the FLSA.

22. The similarly situated employees were all subject to the same payroll and other management policies, practices, and procedures, as Plaintiff.

23. Records, if any, concerning the actual number of hours worked by Defendants' employees and former employees and the actual compensation paid to Defendants' employees and former employees similarly situated to Plaintiff are in the possession, custody, and control of Defendants.

24. Defendants intentionally, willfully, purposefully, or with reckless disregard for the rights of Plaintiff and similarly situated employees and former employees under the FLSA did not properly compensate them as required under the FLSA; post notices as required thereunder, maintain proper time records as required thereunder, or advise Plaintiff or all similarly situated employees or former employees of their rights thereunder.

25. Defendants intentionally, willfully, purposefully, or with reckless disregard for a factual or legal basis under the FLSA established a management policy, plan, or decisions to not properly compensate Plaintiff and similarly situated employees and former employees pursuant to the Act.

26.     As a consequence thereof, Plaintiff and similarly situated employees and former employees are entitled to payment from Defendants for overtime and liquidated damages as provided under the FLSA.

27.     Also, as a consequence thereof, Plaintiff and similarly situated employees and former employees are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. Section 216(b).

28.     Plaintiff and similarly situated employees or former employees demand a jury trial.

WHEREFORE, Plaintiff and similarly situated employees and former employees who have or will opt into this action demand judgment against Defendants, jointly and severally, declaring, pursuant to 29 U.S.C. Sections 2201 and 2202, that the acts and practices complained of herein are in violation of the FLSA; awarding payment of all overtime hours at one and one-half the regular rate of pay due to them and others similarly situated for the hours worked by them and others similarly situated for which they have not been properly compensated; liquidated damages; and reasonable attorneys' fees and costs of suit; and such further relief that this Court deems just and appropriate.

Respectfully submitted this _____ day of January, 2009.

Jason S. Haselkorn (Florida Bar No. 0052140)
Jhaselkorn@caseyciklin.com
Matthew N. Thibaut (Florida Bar No. 0514918)
Mthibaut@caseyciklin.com
CASEY CIKLIN LUBITZ
MARTENS & O'CONNELL
515 North Flagler Drive, 19th Floor
West Palm Beach, FL  33401
Telephone: (561) 832-5900
Facsimile: (561) 8334209
Attorneys for Plaintiff(s)

**%JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

FILED by ___ D.C.
ELECTRONIC
Jan. 21, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS
Michael O'Rourke

## DEFENDANTS
Florida Stage, Inc., a Florida corporation

**(b)** County of Residence of First Listed Plaintiff: **Cook County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Casey Ciklin Lubitz et al 561-832-5900
515 N. Flagler Drive, 19th Floor
West Palm Beach, FL 33401

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Handwritten: **09CV 80076 DTKH/JMH**

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

29 USC § 201 et seq. Unpaid overtime compensation

LENGTH OF TRIAL via **3** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 1/20/09

FOR OFFICE USE ONLY
AMOUNT **350.00** RECEIPT # **725329** IFP